<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. Action No. 08-629 (GEB) |
| v. ) | |
| ) | **ORDER** |
| ROBERT SACKS, ) | |
| ) | |
| Defendant. ) | |

<u>**BROWN, Chief Judge**</u>

      This matter having come before the Court upon the motion to have defense counsel present during the Government's mental examination of the defendant Robert Sacks ("Defendant"); and the Court having considered the parties' submissions and conducted a telephone conference on December 10, 2009; and it appearing that Defendant requests that his attorney or medical expert witnesses be present during this examination to "protect the Defendant from improper questioning on matters pertinent only to criminal legal liability, protect Defendant's Fifth Amendment right against self-incrimination, or otherwise lend the Defendant comfort and support" (Def.'s Br. at 1); and it further appearing that Defendant alternatively requests that Defendant's examination be audio or video recorded "in order to protect Defendant's Fifth Amendment right" (<u>Id.</u> at 3); and it further appearing that the Government opposes these requests and supports its opposition with an affidavit of Diana S. Goldstein, Ph.D., ABPP/CN, the examining clinical neuropsychologist; and Dr. Goldstein having certified that the results of the testing would likely be altered and the results changed in an unquantifiable way,

should either Defendant's attorney be present or should there be recording equipment present; and the Court concluding that Federal Rule of Criminal Procedure 12.2(c)(4) provides the vehicle to address Defendant's concerns regarding the inadmissibility of any incriminating statements that may be made during the course of the evaluation; and the Court further noting that it has discretion to determine the appropriate procedures for this examination; and the Court noting that Defendant's Fifth Amendment right would be waived should he introduce psychological evidence to negate mens rea as it would "allow[] the prosecution to use the interview to provide rebuttal to the psychiatric defense," Gibbs v. Frank, 387 F.3d 268, 274 (3d Cir. 2004); see also Savino v. Murray, 82 F.3d 593, 604 (4th Cir. 1996); United States v. Johnson, 362 F. Supp. 2d 1043, 1085-87 (N.D. Iowa 2005); and the Court further concluding that because Defendant's attorney will have the opportunity to preview the report generated by the Government's expert, Defendant's Sixth Amendment right will be protected; and the Court noting that notice has been given to Defendant and his attorney of the time and date(s) of examination, and they have also been made aware of the scope of the examination; and for the reasons stated on the record on December 10, 2009;

IT IS THIS 15th day of December, 2009; hereby

ORDERED that Defendant's motion is DENIED.

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.